In the Matter of SOLOMON GAVRIN, an Attorney, Respondent.

First Department, December 7, 1934.

*Einar Chrystie*, for the petitioner.

*Burt L. Rich* of counsel [*Smith, Weynbcrg & Rich*, attorneys], for the respondent.

FINCH, P. J.    The matter comes before this court upon a motion. to confirm the report of an official referee finding the respondent, who was admitted to practice as an attorney and counselor at law in the State of New York, at a term of the Appellate Division of the Supreme Court, Second Department, on September 27, 1916, guilty of the charge of having filed a false answer for the purpose of hindering and delaying the collection of an amount due from the respondent.

The record supports the finding of the referee and, in brief, shows the following facts:

The respondent was retained as attorney for one Resler to foreclose a mortgage because of a default in the payment of interest. A foreclosure action was commenced by respondent on March 10, 1931, and on March 19, 1931, nine days later, the action was settled by payment of the entire amount of principal and accrued interest, together with costs and disbursements.    On March 31, 1931, respondent borrowed from his client the sum of $3,400, giving in return his promissory note for $3,500 payable June 2, 1931.    The note was not paid at maturity.    On April 22, 1932, an action was commenced by Resler, in which the complaint sought the reformation of the note to read $3,400 and the collection of that amount. Respondent in his answer denied that he had ever asserted or intended to assert the defense of usury and, by way of counterclaim, urged that he had rendered legal services to Resler of the reasonable value of $1,000.    Thereafter an amended complaint was served by Resler alleging a cause of action upon the promissory note for $3,500.    To this amended complaint respondent interposed an amended answer setting up a counterclaim for legal services in the amount of $3,200 in connection with the aforesaid foreclosure action.

As a result of the trial of the above-mentioned action and counterclaim, the court found the plaintiff Resler entitled to judgment in the amount of the note, namely, $3,500, less the sum of $150, which the court found as a matter of fact to be the reasonable value of the services rendered by respondent.    It further appeared that respondent had rendered Resler a bill shortly before the note fell due for $150.

Respondent claimed that it was agreed between Resler and himself that Resler should be billed a nominal amount in consideration of giving respondent additional time for the payment of the note. Respondent testified that no definite time was, set.    Respondent

claimed that Resler had not waited sufficient time before commencing suit and, therefore, respondent was relieved from his bill for $150 and could charge the larger amount.

The record of the trial showed that the services rendered by ·respondent were not worth more than the amount billed by respondent, together with the costs of $110, which he had received and retained. In this connection it is to be noted that the foreclosure action was commenced on March 10, 1931, and was settled nine days later, or on March nineteenth, by the payment of principal and interest. Furthermore, not only was the bill of respondent for his services grossly exaggerated but also the time which he is alleged to have spent upon the matter.

No part of the aforesaid judgment of $3,350 has been paid by respondent, who has since filed a petition in bankruptcy and named Resler as a creditor.

For his conduct the respondent should be suspended from practice for a period of one year, with leave to apply for reinstatement at the expiration of that term upon proof of his compliance with the conditions incorporated in the order.

MARTIN, O'MALLEY, TOWNLEY and GLENNON, JJ., concur.

Respondent suspended for one year.